```
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF FLORIDA

                          CASE NO.  08-22389-CIV-LENARD
                          MAGISTRATE JUDGE P. A. WHITE

DERRICK ALLEN,                 :

       Petitioner,             :

v.                             :      REPORT OF
                                      MAGISTRATE JUDGE
DEPARTMENT OF CORRECTIONS,
ET AL                          :

       Respondent.             :
_____
```

The pro-se plaintiff Derrick Allen, currently housed at the Florida State Prison, seeks a writ of mandamus to compel the United States Court of Appeals for the Eleventh Circuit, the United States District Court for the Southern District of Florida and two Florida state courts to rule on his claims. [DE# 1].

Under 28 U.S.C. §1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." Whether to issue a writ of mandamus is within the discretion of the court to which the petition is addressed. Kerr v. U.S. Dist. Ct. For the N. Dist. of California, 426 U.S. 394, 403(1976); see also United States v. Denson, 603 F.2d 1143, 1146 (5 Cir. 1979) (explaining that "[t]he Supreme Court has repeatedly stated in general terms that issuance of a writ of mandamus lies in large part within the discretion of the court"). Moreover, mandamus is a drastic remedy justified by "only exceptional circumstances." In re BellSouth Corp., 334 F.3d 941, 953 (11 Cir. 2003). "The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." Id. (quotation omitted). "[A] writ of mandamus is intended to provide a remedy for a plaintiff  only if he has

exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Cash v. Barnhart, 327 F.3d 1252, 1258 (11h Cir. 2003) (quotation omitted, emphasis added); see also Fripp v. Laird, 179 Fed.Appx. 563, 565 (11 Cir. 2006).

In this case, the petition is addressed to the Supreme Court of the United States. This petition was not meant to be filed in the Southern District of Florida. Further, this Court has no authority to compel the Court of Appeals for the Eleventh Circuit to take action in a case.

The petitioner filed a petition for writ of habeas corpus in this Court, Case No. 05-23160-Civ-Jordan which was denied. The case is currently on appeal to the Eleventh Circuit, Case No. 07-14940. This Court has no further jurisdiction in Case No. 05-23160-Civ-Jordan.

It is therefore recommended that this petition for writ of mandamus be dismissed as moot.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 2nd September, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Derrick Allen, Pro Se
     DC #M26909
     Florida State Prison
     Address of Record

2